IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HEATHER CARTER
and TOMMY CARTER,

                Plaintiffs,

v.                              CIVIL ACTION NO.   5:16-cv-01265

UNITED STATES OF AMERICA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Complaint* (Document 1), the *United States' Motion to Dismiss* (Document 5), and the *Memorandum of Law in Support of United States' Motion to Dismiss* (Document 6).   In addition, the Court has reviewed the attached exhibits.   To date, the Plaintiffs have not filed a response.   For the reasons stated herein, the Court finds that the motion to dismiss[1] should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs, Heather and Tommy Carter, a married couple, initiated this action with a complaint filed on February 3, 2016.   Ms. Carter was employed by the Federal Correctional Institution (FCI) in Beckley, West Virginia, from 2003 until November 1, 2015.   She was hired as a correctional officer at the GS-5 pay level, and was promoted to GS-7.   She was diagnosed

---

[1] By *Order* (Document 9) entered on May 6, 2016, the Court partially converted the motion to a motion for summary judgment to permit review of external documents attached to the United States' motion, related to exhaustion of administrative remedies.

with multiple sclerosis (MS) in 2007.   Following her diagnosis, she dropped down a pay level and worked as a secretary until 2010, when she took a position as an accounting technician.   That required another drop in pay level, to GS-5 Step 10.   She received periodic raises resulting in a pay grade of GS-7 Step 9 prior to the end of her employment.

Ms. Carter claims that she provided FCI-Beckley with documentation regarding the limitations caused by her MS, including that she suffered severe flair ups due to work-related stress and anxiety in August and September, 2014.   She states that her employer deliberately added job duties that she was unable to complete due to her MS.   Ms. Carter further alleges that she was passed over for a promotion to a GS-9 Financial Specialist position due to her disability, though she was performing the job function of the position.   After FCI-Beckley hired Joe Coakley as Warden, he proceeded to question Ms. Carter's supervisors about whether she was endangering anyone or adding to co-workers' responsibilities because of her disability.   Mr. Coakley also required regular written updates from her physician.   She alleges that he violated her HIPAA (Health Insurance Portability and Accountability Act) rights by discussing her medical conditions with other employees.

Ms. Carter alleges that FCI-Beckley "failed to reasonably accommodate her" and "caused her to leave her employment" when "she could have worked for an additional twenty-five (25) years."   (Compl. at ¶P 9-10.)   In addition to causing her to leave her job, with a salary of $55,393.00, with additional raises anticipated, she contends that her employer's actions caused her stress and anxiety, worsening her MS.   She brings the following claims:   Count One – Unlawful Termination; Count Two – Americans with Disabilities Act; Count Three – Violations of Civil Rights; Count Four – Violation of HIPAA; Count Five – Consortium Claims on Behalf of Heather

2

and Tommy [Carter].   The Plaintiffs seek damages of at least $2,000,000, plus pre- and post-judgment interest, attorney fees and costs, and any other damages provided by law.

The United States moved to dismiss on April 8, 2016.   It attached a declaration from John King, an Equal Employment Opportunity (EEO) counselor for the BOP.   (King Dec., att'd to Def.'s Mot.) (Document 5.)   Mr. King states that the nationwide BOP database does not include any record of an EEO complaint filed by Ms. Carter.   A declaration from Dominick DeSanto, a paralegal specialist for the BOP, indicates that Ms. Carter filed an administrative tort claim on July 20, 2015, which was denied on August 31, 2015.   (DeSanto Dec., att'd to Def.'s Mot.) (Document 5.)   The administrative tort claim alleged discrimination and harassment due to Ms. Carter's disability, resulting in her constructive termination.   The Plaintiff did not file a timely response. In order to consider the United States' attachments, the Court ordered that the motion to dismiss be partially converted to a summary judgment, and gave the Plaintiff an opportunity to respond with any documents related to exhaustion of administrative remedies by May 13, 2016.   No response has been filed.   Therefore, the motion to dismiss and for summary judgment is ripe for review.

## STANDARD OF REVIEW

### A.   12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it.   "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds,*

3

*Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). However, reasonable discovery may be necessary to permit the Plaintiffs to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.*

### B. 12(b)(6) Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual

inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

### C.  Motion for Summary Judgment

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); see also Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014).   A "material fact" is a fact that could affect the outcome of the case.   Anderson, 477 U.S. at 248; News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010).   A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.   FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322–23.   When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.   Hoschar, 739 F.3d at 169.   However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position.   Anderson, 477 U.S. at 252; JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).   If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.   Anderson, 477 U.S. at 250.   On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."   Celotex, 477 U.S. at 322–23.

## DISCUSSION

The United States urges dismissal of each count, arguing that it has not waived sovereign immunity for claims alleging a hostile work environment or violations of the Americans with Disabilities Act (ADA).  It asserts that such claims must be brought via Title VII of the Civil Rights Act of 1964 and the Rehab Act, which requires former federal employees to contact an EEO counselor within forty-five days of allegedly discriminatory conduct.  The United States further argues that it has not waived its sovereign immunity for constitutional claims, depriving this Court of jurisdiction as to Count Three of the Plaintiffs' complaint.  Next, the United States asserts that the HIPAA claim must be dismissed because HIPAA does not provide a private right of action.  Finally, the United States asserts that the Court lacks subject matter jurisdiction over the lack of consortium claim because no such claim was made administratively.  As previously noted, the Plaintiffs did not file a response.

The Court finds that the Plaintiffs' claims must be dismissed.  The ADA expressly excludes the United States from its definition of an "employer," requiring dismissal of Count Two. 42 U.S.C. § 12111(5)(B)(i).  Count Four alleges HIPAA violations, based upon the Warden's discussion of Ms. Carter's medical condition and his requirement that she provide additional medical documentation.  Although the Fourth Circuit does not appear to have addressed the question, courts are in broad agreement that HIPAA does not provide a private right of action. *See, e.g. Fields v. Charleston Hosp., Inc.*, No. CIV.A. 2:06-0492, 2006 WL 2371277, at *5 (S. D. W. Va. Aug. 15, 2006) (Faber, J.); *Warren v. Rodriguez-Hernandez*, No. 5:10CV25, 2010 WL 3668063, at *5 (N.D.W. Va. Sept. 15, 2010); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks*, 470

7

F.3d 569, 572 (5th Cir. 2006).   Therefore, the United States' motion to dismiss must be granted as to Count Two and Count Four.

Count One alleges unlawful termination for employment discrimination based on disability status and gender.   As the United States argued, "Title VII establishes the exclusive and preemptive scheme under which federal employees can seek redress for employment discrimination," and so the Court will address Count One under Title VII.   *Pueschel v. United States*, 369 F.3d 345, 348 (4th Cir. 2004); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). Count Three alleges that Ms. Carter's civil rights were violated "based upon her sex and disability."   (Compl. at ¶ 2.)   It is not clear what legal framework she intends to use to pursue this claim.   If Count Three is brought as a constitutional claim, it must be dismissed because the United States has not waived sovereign immunity for such claims.   *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

To the extent Count Three, like Count One, is a Title VII and Rehab Act claim for employment discrimination, the Plaintiff was required to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory…"   29 C.F.R. § 1614.105.[2]   Failure to do so "requires the dismissal of a complaint for failure to exhaust administrative remedies." *Murphy v. West*, 172 F.3d 863 (4th Cir. 1999).   Generally, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).   Where, as here, a plaintiff does not merely file an *untimely* EEO charge, but has apparently made no attempt to properly exhaust

---

2  Pursuant to 29 U.S.C. § 794a, the remedies, procedures, and rights set forth in Title VII apply to Rehab Act claims. The Court has therefore combined the analysis for any claims brought under either provision.

administrative remedies, the Court lacks subject matter jurisdiction over the unexhausted claims. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); *but see Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 597 (4th Cir. 2012) (noting a dispute regarding whether failure to exhaust is jurisdictional, and declining to decide the question).[3]   The United States submitted documentation indicating that Ms. Carter did not initiate contact with an EEO counselor.   Ms. Carter has not disputed that evidence.   Accordingly, the United States' motion to dismiss must be granted as to Counts One and Three, due to the Plaintiff's failure to exhaust administrative remedies.

Count Five contains a claim for loss of consortium for Mr. Carter.   In West Virginia, loss of consortium is an independent action, separate from the injured spouse's tort, which must be separately submitted for administrative review pursuant to the Federal Tort Claims Act.   *DuPont v. United States*, 980 F. Supp. 192, 193 (S. D. W. Va. 1997) (Goodwin, J.).   The United States submitted evidence that Ms. Carter filed an administrative tort claim alleging employment discrimination.   That tort claim does not include a claim for loss of consortium, and the United States indicates that no additional tort claim has been submitted with such claims.   "The scope of the plaintiff's right to file a federal lawsuit is determined by the [EEO] charge's contents."   *Jones*

---

3 The Court notes that authority is mixed as to whether the exhaustion requirement is jurisdictional.   *See, e.g.*, *Horsey v. U.S. Dep't of State*, No. 14-CV-1568 (KBJ), 2016 WL 1118254, at *5 (D.D.C. Mar. 22, 2016); *c.f. United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (explaining that "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences" to hold that the time limits for administrative exhaustion under the Federal Tort Claims Act are not jurisdictional).   In order to ensure the Plaintiffs' rights were preserved, the Court converted the portion of the motion to dismiss dealing with exhaustion of administrative remedies to one for summary judgment and permitted the Plaintiffs to introduce relevant evidence, an opportunity the Plaintiffs declined.   Whether failure to exhaust administrative remedies is a jurisdictional bar or an affirmative defense, dismissal is proper under these circumstances, as the Plaintiffs have not presented evidence supporting equitable estoppel.

*v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).  Accordingly, the Court finds that the United States is entitled to summary judgment as to Count Five, due to the Plaintiffs' failure to exhaust administrative remedies.

## CONCLUSION

WHEREFORE, following careful consideration, the Court hereby **ORDERS** that the *United States' Motion to Dismiss* (Document 5) be **GRANTED** and that this matter be **DISMISSED.**  The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:        May 26, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA